UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Elizabeth Lunsford
12385 Dunn Rd.
Mishawaka, IN 46545

    Plaintiff,

v.

Credit Control, LLC
c/o CT Corporation System, Registered Agent
208 S LaSalle St
Chicago, IL 60604

    Defendant.

CASE NO.:

JUDGE:

3:08CV 94 JM

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

FILED FEB 25 2008 STEPHEN R. LUDWIG, Clerk U.S. DISTRICT COURT NORTHERN DISTRICT OF INDIANA

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the time frame permitted under the FDCPA.

9. On or around October 19, 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Defendant told Plaintiff that Plaintiff only had until October 22, 2007 to make a payment.

11. During this communication, Defendant demanded to know where both Plaintiff and Plaintiff's husband worked.

12. During this communication, Plaintiff refused to disclose her husband's place of employment and Defendant threateningly responded that Defendant would find out where Plaintiff's husband worked without Plaintiff's assistance.

13. During this communication, Defendant threatened to place a lien on Plaintiff's house and garnish Plaintiff's wages.

14. At the time of the above communication, Defendant had not obtained a judgment against Plaintiff.

15. As a result of this communication, Plaintiff feared that a garnishment of her wages and a lien on her home were imminent

16. As a result of this communication, Plaintiff retained an attorney to file bankruptcy.

17. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

28. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: jsh@legalhelpers.com

4